LISA I. DAMJI, Bar No. 204764
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-7120
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Email:     ldamji@bakerlaw.com

Attorneys for Defendants and Counterclaimant
EMMIS PUBLISHING, L.P. d/b/a LOS
ANGELES MAGAZINE and Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

OLIVIER A. TAILLIEU (SBN 206546)
RAFFI V. ZEROUNIAN
THE TAILLIEU LAW FIRM LLP
450 N. Roxbury Drive, Suite 700
Beverly Hills, California 90210
Telephone: (310) 651-2440
Facsimile: (310) 651-2439
Email:     o@taillieulaw.com
           rz@taillieulaw.com

Attorneys for Plaintiff and Counterdefendant
W. LYNN GARRETT

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| W. LYNN GARRETT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EMMIS PUBLISHING, L.P. d/b/a LOS ANGELES MAGAZINE, an Indiana limited liability company, TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, and DOES 1-10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | **Case No. CV13-01442 RSWL (JCGx)**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: February 27, 2013 |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal, although it does require, as set forth in Section 12.3, that a party may not file in the public record any Protected Material (as defined herein) except in the circumstances expressly provided for herein. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1     <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26 and that contain highly proprietary technical or trade secret or

business information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

2.4 <u>Counsel of a Party</u>: Outside counsel of a Party, their support staff, and employees (collectively "Counsel"). "Counsel" shall also include Ian Arnold, Vice President and Associate General Counsel of Emmis Publishing, L.P., J. Scott Enright, Executive Vice President and General Counsel of Emmis Publishing, L.P., and Christine Lofgren, Kim Udovic, and Elizabeth Gibson, each of whom is a Managing Counsel of Toyota Motor Sales, U.S.A., Inc., but shall not include any other in-house counsel for any party, regardless of whether in-house counsel has appeared in this action.

2.5 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("HIGHLY CONFIDENTIAL").

2.6 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and is not a past or current employee of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party.

2.8 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Party: Any party to this action, including all of its officers, directors, employees, consultants, authorized agents, retained experts, and Counsel.

2.10    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality

to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for an extension of time pursuant to applicable law.

### 5. **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent that it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) *may* expose the Designating Party to sanctions, *if so determined by the Court*.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for

1  the level of protection initially asserted, that Designating Party must promptly
2  notify all other Parties that it is withdrawing the mistaken designation.
3      5.2     Manner and Timing of Designations. Except as otherwise
4  provided in this Order (*see*, e.g., second paragraph of section 5.2(a) below), or as
5  otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies
6  for protection under this Order must be clearly so designated before the material is
7  disclosed or produced.
8      Designation in conformity with this Order requires:
9      (a)   For information in documentary form (e.g., paper or electronic
10 documents, but excluding transcripts of depositions or other pretrial or trial
11 proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or
12 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively,
13 "Confidential Information") to each page that contains Protected Material. If only
14 a portion or portions of the material on a page qualifies for protection, the
15 Producing Party also must clearly identify the protected portion(s).
16     A Party or Non-Party that makes original documents or materials available
17 for inspection need not designate them for protection until after the inspecting
18 Party has indicated which material it would like copied and produced. During the
19 inspection and before the designation, all of the material made available for
20 inspection shall be deemed "CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL." After the inspecting Party has identified the documents it
22 wants copied and produced, the Producing Party must determine which
23 documents, or portions thereof, qualify for protection under this Order. Then,
24 before producing the specified documents, the Producing Party must affix the
25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that
26 contains Protected Material. If only a portion or portions of the material on a
27 page qualifies for protection, the Producing Party also must clearly identify the
28 protected portion(s) (e.g., by making appropriate markings in the margins).

<u>For testimony given in deposition</u> that the Designating Party advise opposing counsel and the court reporter of the specific pages and exhibits to be maintained as Confidential Information at the deposition or within thirty (30) days after receipt of the transcript. The court reporter shall conform all materials in his or her possession to reflect such confidentiality designation and bind (or re-bind if necessary) separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or HIGHLY CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEY'S EYES ONLY, as appropriate. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)   The Party requesting the binding or rebinding of deposition transcripts shall be responsible for the additional cost associated with such services.

(c)   <u>For testimony given in pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the hearing or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

The parties shall take up the handling of confidential information at trial or at court hearings with the bench officer presiding at the trial or hearing.

     (d)   <u>For information given in deposition</u> ~~or in pretrial or trial proceedings~~, Parties shall give the other Parties notice if they reasonably expect a deposition~~, hearing or other proceeding~~ to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at ~~those~~ the deposition ~~proceedings~~. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

     (e)   <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order

for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. *All procedures for resolving such disputes shall comply with L-R 37.*

6.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of the designation(s) it is challenging and describing the basis for the challenge. The Challenging Party may challenge designations for a category of documents designated Confidential provided that the Challenging Party sufficiently identifies the category of documents being challenged to permit compliance with the provisions of this Protective Order. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve the challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) *Pursuant to L-R 37* ~~within 14 days of the date of service of notice.~~ In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. Challenging Party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality, which shall comply with Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

~~The burden of persuasion in any such challenge proceeding shall be on the Designating Party.~~ Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain *if so determined by the Court.* confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection

1  with this case only for prosecuting, defending, or attempting to settle this
2  litigation. Such Protected Material may be disclosed only to the categories of
3  persons and under the conditions described in this Order. When the litigation has
4  been terminated, a Receiving Party must comply with the provisions of Section 13
5  (FINAL DISPOSITION) below.
6     Protected Material must be stored and maintained by a Receiving Party at a
7  location and in a secure manner that ensures that access is limited to the persons
8  authorized under this Order.
9     7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless
10 otherwise ordered by the Court or permitted in writing by the Designating Party, a
11 Receiving Party may disclose any information or item designated
12 "CONFIDENTIAL" only to:
13     (a)   the Receiving Party's Counsel, as well as employees of said
14 Counsel to whom it is reasonably necessary to disclose the information for this
15 litigation and who have signed the "Acknowledgement and Agreement to Be
16 Bound" that is attached hereto as Exhibit A;
17     (b)   the officers, directors, employees, and Professional Vendors of
18 the Receiving Party to whom disclosure is reasonably necessary for this litigation
19 and who have signed the "Acknowledgment and Agreement to Be Bound"
20 (Exhibit A);
21     (c)   Experts (as defined in this Order) of the Receiving Party to
22 whom disclosure is reasonably necessary for this litigation; provided, however,
23 that at least ten (10) days prior to the disclosure of Confidential Information under
24 this paragraph: (1) such persons are identified in writing to each Party[1] in the
25 action; (2) the resume of the expert or consultant is provided to each Party in the
26
27 _____
28 [1] If a Non-Party's Confidential Information is involved, that nonparty shall also be notified and all of the provisions of this Paragraph that apply to parties shall apply to nonparties as well.

action; (3) the expert or consultant executes Exhibit A; and (4) a copy of Exhibit A is provided to each Party in the action. If any Party objects to the disclosure of such information to said expert or consultant, that Party must serve a written objection within 10 days after receipt of all of the information set forth herein and no disclosure of Confidential Information shall occur until all objections are resolved by the Parties or by court order, including any appeal of such order.

    (d) the Court and its personnel;

    (e) court reporters and their staff, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order); and

    (g) the author or recipient of a document containing the information or a custodian or other person who, it is reasonably clear from a writing, otherwise possessed or knew the information.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

    (a) the Receiving Party's Counsel, as well as employees and Professional Vendors of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the

"Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

      (b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation; provided, however, that at least ten (10) days prior to the disclosure of Confidential Information under this paragraph: (1) such persons are identified in writing to each Party[2] in the action; (2) the resume of the expert or consultant is provided to each Party in the action; (3) the expert or consultant executes Exhibit A; and (4) a copy of Exhibit A is provided to each Party in the action. If any Party objects to the disclosure of such information to said expert or consultant, that Party must serve a written objection within 10 days after receipt of all of the information set forth herein and no disclosure of Confidential Information shall occur until all objections are resolved by the Parties or by court order, including any appeal of such order.

      (c)    the Court and its personnel;

      (d)    court reporters and their staff, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (e)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order); and

---

[2] If a Non-Party's Confidential Information is involved, that nonparty shall also be notified and all of the provisions of this Paragraph that apply to parties shall apply to nonparties as well.

(f) the author or recipient of a document containing the information or a custodian or other person who, it is reasonably clear from a writing, otherwise possessed or knew the information.

The Receiving Party shall not have access to any document marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, then the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party or the Producing Party acting on its behalf or in furtherance of the confidentiality obligations, timely seeks a protective order, then the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a

1 court order to the contrary, the Non-Party shall bear the burden and expense of
2 seeking protection in this Court of its Protected Material.

3 **10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A

**11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12. <u>MISCELLANEOUS</u>**

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

1 | reports, attorney work product, and consultant and expert work product, even if
2 | such materials contain Protected Material. Any such archival copies that contain
3 | or constitute Protected Material remain subject to this Protective Order as set forth
4 | in Section 4 (DURATION).

6 | **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

8 | DATED: June 3, 2013

OLIVIER A. TAILLIEU (SBN 206546)
RAFFI V. ZEROUNIAN (SBN 236388)
THE TAILLIEU LAW FIRM LLP
450 N. Roxbury Drive, Suite 700
Beverly Hills, California 90210
Telephone: (310) 651-2440
Facsimile: (310) 651-2439
Email: o@taillieulaw.com
rz@taillieulaw.com

Attorneys for Plaintiff and Counterdefendant

16 | DATED: May 31, 2013

LISA I. DAMJI (SBN 204764)
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-7120
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Email: ldamji@bakerlaw.com

Attorneys for Defendants and Counterclaimant

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 6-25-2013

United States District/Magistrate Judge

# EXHIBIT A - ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case *Garrett v. Emmis Publishing L.P.*, Case No. CV13-01442 RSWL (JCGx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____ [printed name]

Signature: _____ [signature]